**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 09-CIV-22856-COOKE

ORIOL ALTAGRACIA SOTO,

     *Petitioner,*

v.

UNITED STATES OF AMERICA,

     *Respondent.*

_____/

**ORDER ON MOTION TO VACATE A SENTENCE UNDER 28 U.S.C. § 2255**

THIS CASE is before me on Oriol Altagracia Soto's Motion to Vacate, Set Aside, or

Correct a Sentence, brought under 28 U.S.C. § 2255 [D.E. 1].  The Parties filed briefs in

support of, and in opposition to, the motion.  On November 4, 2009, I held an initial hearing

in this matter, and on December 18, 2009, I held an evidentiary hearing.  Having considered

the arguments presented, and the relevant legal authorities, I find that Mr. Soto has satisfied

his burden of establishing actual innocence, sufficient to overcome the procedural default.

Accordingly, Mr. Soto's motion to vacate his sentence is granted.

**BACKGROUND**

In December 2007, Mr. Soto applied for a United States passport under the name of

"V.G.F."[1]  As proof of citizenship, Mr. Soto presented a birth certificate from Puerto Rico and

a Florida driver's license, both in the name of "V.G.F."  The passport application was

reviewed by the U.S. Department of State, Diplomatic Security Service, and it was determined

_____

[1] The victim's initials are used in order to protect his privacy.

that Mr. Soto was not "V.G.F."  Confronted by Diplomatic Security Service agents, Mr. Soto

confessed that his name was Oriol Altagracia Soto, not "V.G.F.," that he had purchased

various documents and personal information of "V.G.F." from an unidentified individual in

Boston, and that he has been living under the assumed name of "V.G.F." for approximately

ten years.  Mr. Soto was then arrested.

In April 2008, a grand jury charged Mr. Soto with the following offenses: (1) making a

false statement in a passport application; (2) falsely representing himself to be a United States

citizen; (3) aggravated identify theft, in violation of 18 U.S.C. § 1028(A)(a)(1); (4) making a

false statement to DSS; and (5) illegal reentry.  Mr. Soto pled guilty to counts 1, 3, and 5 of

the indictment.[2]  In September 2008, I sentenced Mr. Soto to six months of imprisonment for

counts 1 and 5, to run concurrently, and twenty-four months of imprisonment for count 3, to

run consecutively to the term of imprisonment imposed under counts 1 and 5.  Mr. Soto did

not appeal his sentence.

At the time Mr. Soto pled guilty to aggravated identify theft, the Government was not

required to prove that a defendant *knew* that the means of identification he or she used

belonged to another person – as opposed to being merely fictitious.  In May 2009, the

Supreme Court handed down its decision in *United States v. Flores-Figueroa*, 129 S. Ct. 1886

(2009).  The *Flores-Figueroa* opinion reversed controlling precedent and held that the crime

of aggravated identify theft required the government to show that the defendant *knew* that the

means of identification at issue belonged to another person.  In September 2009, Mr. Soto

---

[2] Pursuant to an oral plea agreement, Mr. Soto pled guilty to counts 1, 3, and 5, and the Government agreed to dismiss the remaining counts at sentencing.

timely filed the motion to vacate his sentence.  28 U.S.C. 2255(f)(3).

## LEGAL STANDARDS

Before a defendant may seek to vacate a criminal sentence in a section 2255

proceeding, he or she must have first challenged the sentence in a direct appeal.  *Lynn v.*

*United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).  A defendant who fails to first file a

direct appeal is procedurally barred from bringing a section 2255 claim.  *Id.*  There are two

exceptions to this procedural default rule.  *Id.*  First, "a defendant [may] show cause for not

raising the claim of error on direct appeal and actual prejudice from the alleged error."  *Id.*

Second, "a court may allow a defendant to proceed with a § 2255 motion despite his failure to

show cause for procedural default if a constitutional violation has probably resulted in the

conviction of one who is actually innocent."  *Id.* (internal quotation marks omitted).  "[T]o

meet the actual innocence standard, a habeas petitioner must show that 'in light of all the

evidence, it is more likely than not that no reasonable juror would have convicted him.'"  *Rich*

*v. Dep't of Corr. State of Fla.*, 317 F. App'x 881, 882 (11th Cir. 2008) (quoting *Bousley v.*

*United States*, 523 U.S. 614, 623 (1998)).

The crime of aggravated identity theft occurs if an individual "knowingly . . . uses,

without lawful authority, a means of identification of another person," during, and in relation

to, the commission of certain crimes, including making a false application for a passport.  18

U.S.C. § 1028A(a)(1) and (c)(7).  "[Section] 1028A(a)(1) requires the Government to show

that the defendant knew that the means of identification at issue belonged to another person."

*United States v. Flores-Figueroa*, 129 S. Ct. 1886, 1894 (2009).

## DISCUSSION

The issue in this case is whether, in light of all the evidence, it is more likely than not

that no reasonable juror would have convicted Mr. Soto of aggravated identify theft.  In order

to properly address this question it must first be determined what evidence is before the Court.

Since "statements and arguments of counsel are not evidence," the only evidence properly

before me is the Joint Stipulation of Facts [D.E. 9].[3]  *United States v. Ross*, 334 F. App'x 317,

319 n.3 (11th Cir. 2009) (quoting *United States v. Smith*, 918 F.2d 1551, 1562 (11th

Cir.1990)).

The Government's position is that the warnings in the passport application, *e.g.*, that

the statements and documents were "subject to verification," and that the social security

number would be checked, combined with the other stipulated facts provide sufficient

circumstantial evidence of guilt.  (Resp. to Mot. to Vacate 5-6 [D.E. 7]).  The Government's

argument is that Mr. Soto would obviously want to use the documentation of a real person in

order to pass the background check run by the passport agency.  This argument, however, "is

refuted by the factual scenario in *Flores-Figueroa*, where the defendant remained employed

for six years using a Social Security number and counterfeit alien registration card that did not

belong to a real person."  *United States v. Gaspar*, No. 09-10724, 2009 WL 2917740, at *5

---

[3]  In a section 2255 proceeding "the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy."  *Bousley*, 523 U.S. at 624.  For this reason, I scheduled an evidentiary hearing and invited the Government to "to present any admissible evidence of Petitioner's guilt, specifically evidence establishing that Petitioner *knew* that the identification he presented belonged to another person."  (Notice of Evid. Hrg. [D.E. 13]).  At the evidentiary hearing, on December 18, 2009, the Government presented no new evidence, and explained that all of its evidence was outlined in the Joint Stipulation.

(11th Cir. Sept. 14, 2009).  The fact that a person submits identification that is subject to

verification is evidence that a person may have had an incentive to obtain the identification of

a real person; it is not evidence that the person knew that the identification he or she obtained

was that of a real person.  *Id.*  Similarly, merely applying for a Florida drivers license using

fraudulent documents is not evidence that the person applying for the drivers license knew

that the means of identification belonged to another person.  *See United States v. Perez*, No.

09-10909, WL 3059063, at *1 (11th Cir. Sept. 25, 2009).[4]

The Government argues *Gaspar*, and similar cases, should not be read to mean that the

Government may not rely on circumstantial evidence to prove a case of aggravated identify

theft.  The Government is correct in its legal conclusion, but errs in its application of this legal

rule to the facts of this case.  While the Government may prove an aggravated identify theft

case by using circumstantial evidence that an individual knew that the identification he or she

used belonged to another person, in this case, the Government has presented no evidence at all

that Mr. Soto knew that the means of identification he used belonged to another person, as

opposed to merely being fictitious.  Mr. Soto's use of the identity of "V.G.F" "is similar to the

category of cases the Supreme Court suggested indicate that the 'defendant did not care

whether the papers (1) were real papers belonging to another person or (2) were simply

counterfeit papers.'" *United States v. Tepale De La Rosa*, No. 09-11157, WL 3042008, at *2

n.2 (11th Cir. Sept. 24, 2009).  The Government can prove the knowledge element of an

aggravated identify theft case by means of circumstantial evidence, *e.g.*, showing that the

---

[4]  In *Perez* the defendant had applied for a Florida identification card, however with
respect to background checks and required proof of identification, a Florida identification card is
essentially the same as Florida driver's license.  *See* Fla. Stat. § 322.051 (2004).

defendant obtained the identification by searching through another person's trash, or by hacking into someone's computer, or by pretending to be another person to obtain personal information. *Gaspar*, 2009 WL 2917740, at *5. In this case, the Government has presented no evidence, circumstantial or otherwise, that Mr. Soto knew, or even that he was willfully blind to the fact, that the identity "V.G.F" belonged to a real person.

## CONCLUSION

In light of all the evidence, I find that it is more likely than not that no reasonable juror would have convicted Mr. Soto of aggravated identify theft. Mr. Soto has thus met the actual innocence standard necessary to overcome the procedural default barring his section 2255 motion to vacate his sentence. Mr. Soto's motion to vacate his sentence for aggravated identity theft is granted.

As indicated by defense counsel at the hearing on December 18, 2009, it appears that Mr. Soto has completed his sentence under counts 1 and 5, and would thus be eligible to be released by the Bureau of Prisons and surrendered to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. At the hearing, the Government requested one week to determine how it would proceed, *i.e.*, whether they would re-file charges against Mr. Soto for aggravated identity theft. The Government has since advised the Court that the decision as to whether to retry Mr. Soto is dependent upon the decision of the Solicitor General as to whether or not to appeal this decision. The Government has indicated its intent to proceed with the aggravated identity theft case against Mr. Soto until it hears from the Solicitor General. (Gov't's Status Report 2 [D.E. 17]). It is therefore, **ORDERED and ADJUDGED** that:

1. Mr. Soto's Motion to Vacate his sentence [D.E. 1] is **GRANTED**, and his sentence

-7-

of twenty-fours months as to count 3, in case number 08-cr-20313, is **VACATED**.

2.  Case number 08-cr-20313, *United States vs. Oriol Altagracia Soto*, is set for the

two-week trial period commencing February 1, 2010 at 9:30 a.m.  Calender call for this matter

will be heard on January 27, 2010 at 3:00 p.m.

**DONE and ORDERED** in chambers, in Miami, Florida on this 12th day of January

2010.

_____
MARCIA G. COOKE
United States District Judge

Copies to:
*Counsel of Record*